MANNING v. NATIONAL SAW CO.

(Supreme Court, Appellate Division, Second Department.   May 1, 1908.)

SALES—WARRANTY—IMPLIED WARRANTY.

Where a seller of lumber agreed to furnish a certain amount of lumber of certain dimensions and quality at a given price, and furnished the lumber of the dimensions, quality, and quantity called for, there was no room for an implied warranty that it was fit for the buyer's purposes.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 43, Sales, §§ 760, 772–776.]

Appeal from Trial Term.

Action by Charles W. Manning against the National Saw Company. From a judgment for plaintiff, and from an order denying a motion for a new trial, defendant appeals.   Affirmed.

Argued before WOODWARD, HOOKER, GAYNOR, RICH, and MILLER, JJ.

Peter Flint (Robert D. Elder, on the brief), for appellant.
William H. Janes, for respondent.

WOODWARD, J.   Just what was expected to be accomplished by this appeal is not very evident from the record or the brief of the appellant.   The plaintiff's cause of action rested upon the allegation of the complaint that:

"Heretofore, and on or about the 13th day of April, 1904, the plaintiff sold and delivered to the defendant merchandise consisting of 12,805 feet of 4/4 Log Run Beech lumber, of value and amounting in the aggregate at the prices agreed upon between the parties of $24 per 1,000 feet, to the sum of $307.32, no part of which has been paid, and the said sum of $307.32 is now due and owing to the plaintiff from the defendant, with interest thereon from the 13th day of May, 1904."

The answer to this clause of the complaint is a denial, except that it is admitted that no part of the claim has been paid, and the parties went to trial upon the issue of whether this lumber had been sold and delivered to the defendant by the plaintiff at the agreed price of $24 per thousand.   At the close of plaintiff's case, there was no motion made to dismiss the complaint, and our attention is not called to any objection or exception interposed to the evidence.   The defendant was permitted to put in evidence a good deal of testimony tending to show that the plaintiff knew the purpose for which the lumber was desired, and that, while the amount was concededly delivered as shown by plaintiff's invoice, it was not adapted to the defendant's uses, for the purpose of showing the breach of an implied warranty, but, at the close of defendant's case, there was no motion to dismiss the complaint upon any ground, and it was sent to the jury upon the issues presented by the pleadings and the evidence.   There was no objection or exception to the charge of the court by either party, and, the defendant having been permitted to go outside of its pleadings and to have the advantage of a defense not pleaded, it is difficult to understand what grievance it has to be remedied by an appeal.   The verdict is not contrary to law, nor is it against the weight of evidence.   The cause of action pleaded by the plaintiff was the sale of lumber under a definite

description. He agreed to furnish a certain amount of lumber of certain dimensions and quality at a given price, and, if he furnished this lumber (and it is conceded that the quantity was furnished) at this agreed price, there was no room for an implied warranty that it was fit for the defendant's purposes. The jury heard all of the testimony. They heard the claims of the defendant that the contract was not for this quality of lumber at an agreed price, but that it was for lumber to be used by the defendant in making hand saw handles, and that it did not prove available for that purpose. This was certainly giving the defendant all that it could fairly claim, and the jury, taking the law of the case from the court, found that the contract alleged by the plaintiff was the real one entered into between the parties, and that determination should not be disturbed.

The judgment and order appealed from should be affirmed, with costs.

Judgment and order affirmed, with costs. All concur.